# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emmaivette Vasquez a/k/a Emmaivette Rivera<br>    **Debtor(s)** | CHAPTER 13 |
| MASTR Asset Backed Securities Trust 2005-WF1, U.S. Bank National Association as Trustee<br>    **Movant**<br>vs. | NO. 22-11744 ELF |
| Emmaivette Vasquez a/k/a Emmaivette Rivera<br>    **Debtor(s)** | 11 U.S.C. Section 362 |
| Kenneth E. West<br>    **Trustee** | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 5, 2022, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,114.65,** <u>Post-petition funds received after December 5, 2022 will be applied per the terms of this stipulation as outlined here</u>. The arrearage breaks down as follows;

   Post-Petition Payments: September 2022 through December 2022 at $1,028.93/month
   Suspense Balance:            ($1.07)
   **Total Post-Petition Arrears       $4,114.65**

2. Debtor(s) shall cure said arrearages in the following manner;

   a). Debtor shall make an immediate payment of **$1,000.00** to Movant towards the post-petition arrears.

   b). The remaining balance of the arrears, **$3,114.65,** beginning on January 2023 and continuing through June 2023, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,028.93** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges

being assessed after the 15th of the month), plus an installment payment of **$519.11 for the months of January 2023 through May 2023 and $519.10 for June 2023** towards the arrearages on or before the last day of each month at the address below;

Specialized Loan Servicing, LLC

6200 S. Quebec St., Suite 300
Greenwood Village, Colorado 80111

c). Maintenance of current monthly mortgage payments to the Movant thereafter.

Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The Chapter 13 Trustee has no objections to the terms of this order. The Chapter 13 Trustee consents to this order without prejudice to any of the Trustee's rights and remedies, and has authorized Secured Creditor's counsel to affix Mr. Etheridge's digital signature.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 9, 2022

**/s/ Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Movant

Date:   12/19/2022        /s/ Zachary Perlick
Zachary Perlick, Esquire
Attorney for Debtor(s)

Date:   12/30/2022        /s/ LeRoy W. Etheridge
LeRoy W. Etheridge Esq. on behalf of
Kenneth E. West, Esquire, Chapter 13 Trustee

Approved by the Court this ____ day of _____ 2023. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank